IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA
OKLAHOMA CITY DIVISION

ZAVON GRIFFIN,

           Plaintiff,

v.

TRANSUNION LLC,

           Defendant.

Case No.: 5:26-cv-00429-HE

**DEFENDANT TRANS UNION, LLC'S
ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

COMES NOW, Defendant Trans Union LLC, improperly identified as TransUnion LLC ("Trans Union") by and through its counsel of record, and hereby files its Answer and Defenses to Plaintiff's Complaint ("Complaint"). The paragraph numbers below correspond to the paragraphs contained in the Complaint to the extent possible:

## I.     INTRODUCTION

1.     Trans Union admits only that Plaintiff has asserted claims pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"). Trans Union denies the remaining allegations of this paragraph.

## II.     JURISDICTION AND VENUE

2.     Trans Union admits that jurisdiction is proper in this Court. Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

3.     Trans Union admits, solely based on the allegations contained in Plaintiff's Complaint, that venue is proper in the Western District of Oklahoma. Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

1

### III.    PARTIES

4.    Trans Union admits only that Plaintiff is "a natural person."  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

5.    Trans Union admits that it is a limited liability company organized under the laws of the State of Delaware with its principal place of business located in Chicago, Illinois. Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

### IV.    FACTUAL ALLEGATIONS

6.    Trans Union admits only that it received a dispute purportedly from Plaintiff in or around February 2026. Trans Union states that the referenced correspondence speaks for itself, and to the extent Plaintiff mischaracterizes the correspondence, Trans Union denies the allegations as stated.  Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5). Trans Union denies the remaining allegations of this paragraph.

7.    Trans Union admits only that it received a dispute purportedly from Plaintiff in or around February 2026. Trans Union states that the referenced correspondence speaks for itself, and to the extent Plaintiff mischaracterizes the correspondence, Trans Union denies the allegations as stated.  Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5). Trans Union denies the remaining allegations of this paragraph.

8.    Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule

8619358.1                                                   2

8(b)(5).

9.      Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

10.      Trans Union denies the allegations contained in this paragraph.

11.      Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

12.      Trans Union denies it violated the FCRA (or any other law). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

13.      Trans Union denies the allegations contained in this paragraph.

14.      Trans Union denies the allegations contained in this paragraph.

**V.      CLAIMS FOR RELIEF**
**COUNT I**
**VIOLATIONS OF THE FCRA**

15.      Trans Union reasserts its answers and responses set forth herein.

16.      Trans Union denies the allegations contained in this paragraph.

17.      Trans Union denies the allegations contained in this paragraph.

18.      Trans Union denies the allegations contained in this paragraph.

19.      Trans Union denies the allegations contained in this paragraph.

20.      Trans Union denies the allegations contained in this paragraph.

21.      Trans Union denies the allegations contained in this paragraph.

22.      Trans Union denies the allegations contained in this paragraph.

8619358.1

3

## JURY DEMAND AND PRAYER FOR RELIEF

Trans Union denies the allegations contained in the prayer paragraph of the Complaint, including all subparts.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union.

## DENIAL OF ANY REMAINING ALLEGATIONS

Except as expressly admitted herein, Trans Union denies any remaining allegations contained in the Complaint.

## DEFENSES

1.      At all relevant times, Trans Union maintained and followed reasonable procedures to avoid violations of the FCRA and assure maximum possible accuracy of the information concerning Plaintiff in preparing consumer reports related to Plaintiff.

2.      Any alleged damages to Plaintiff, which Trans Union continues to deny, are the result of the acts or omissions of Plaintiff or others, over whom Trans Union has no control and for whom Trans Union has no responsibility.

3.      Trans Union, in compliance with the FCRA, reasonably and completely reinvestigated and verified, updated, or removed all information disputed by Plaintiff.

4.      Trans Union at all times acted in compliance with the FCRA.

5.      Plaintiff failed to mitigate his alleged damages.

6.      Plaintiff's claims for exemplary or punitive damages and the FCRA damage model violate the Due Process Clause of the Fourteenth Amendment and the laws of the State of Oklahoma.

7.      Trans Union affirmatively pleads that it is entitled to attorney's fees in the event that the Court determines that the Plaintiff has filed an unsuccessful pleading, motion, or other

paper in connection with this action under Section 1681n or 1681o of the FCRA in bad faith or for purposes of harassment.

8.     In the event that a settlement is reached between Plaintiff and any other party, Defendant Trans Union is entitled to any settlement credits permitted by law.

9.     Any alleged damages to Plaintiff, which Trans Union continues to deny, were caused in whole or in part by an intervening or superseding cause.

10.     Trans Union reserves the right to assert additional defenses as may become apparent through additional investigation and discovery.

11.     Some or all of Plaintiff's claims against Trans Union are barred by the applicable statute of limitations.

WHEREFORE, PREMISES CONSIDERED, Defendant Trans Union, respectfully requests that this Honorable Court deny the relief requested in Plaintiff's Complaint, dismiss the action in its entirety, grant Trans Union its costs of suit and expenses incurred herein, including reasonable attorneys' fees, and for such other and further relief as the Court deems just.

Respectfully submitted,


*/s/ Amana Loughmiller*

Amanda Loughmiller, OBA #35383
QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
5801 Tennyson Parkway, Suite 440
Plano, Texas 75024
Tel:  (214) 560-5455
Fax: (214) 871-2111
aloughmiller@qslwm.com
***Counsel for Trans Union LLC***

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing has been electronically filed on the **2ⁿᵈ day of April, 2026**. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic filing.

| None. | |
|---|---|

The undersigned further certifies that a true copy of the foregoing was served on the following parties via First Class, U.S. Mail, postage prepaid, on the **2ⁿᵈ day of April 2026**, properly addressed as follows:

| Zavon Griffin<br>3913 Chetwood Drive<br>Del City, OK 73115<br>***Pro Se Plaintiff*** | |
|---|---|

*/s/ Amanda Loughmiller*
Amanda Loughmiller
*Counsel for Defendant Trans Union, LLC*