IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA
OKLAHOMA CITY DIVISION

ZAVON GRIFFIN,

        Plaintiff,

v.

TRANSUNION LLC,

        Defendant.

Case No.: 5:26-cv-00429-HE

## JOINT STATUS REPORT AND DISCOVERY PLAN

Date of Conference: April 17, 2026

Appearing for Plaintiff:  Zavon Griffin, *Pro Se* Plaintiff

Appearing for Defendant Trans Union: Amanda Loughmiller

**Jury Trial Demanded ■   Non-Jury Trial □**

1. **BRIEF PRELIMINARY STATEMENT**.  State briefly and in ordinary language the facts and positions of the parties to inform the judge of the general nature of the case.

   The lawsuit involves claims under 15 U.S.C. §1681, *et seq.*, known more commonly as the "Fair Credit Reporting Act" ("the Act") with respect to Trans Union's consumer disclosure on Plaintiff and ability to access.

   Plaintiff Zavon Griffin: Plaintiff brings this action under the FCRA alleging that TransUnion failed to provide him with a full and accurate consumer file disclosure as required by 15 U.S.C. § 1681g. TransUnion denies any violation and maintains its disclosures complied with the statute. Discovery will focus on the information contained in Plaintiff's file at the time of his request, how TransUnion generates consumer disclosures, and whether any alleged omissions was negligent or willful

Defendant Trans Union LLC: As discovery has yet to commence, Trans Union cannot provide this Court with a complete factual background of the case as it relates specifically to Plaintiff.  At all relevant times, Trans Union maintained and followed reasonable procedures to avoid violations of the Fair Credit Reporting Act and assure maximum possible accuracy of the information concerning Plaintiff in preparing consumer reports related to Plaintiff. Trans Union accepted information regarding Plaintiff from reliable sources.  Trans Union may reasonably rely upon the data furnisher, which is required to investigate a consumer dispute under 1681s-2(b) after receiving notice from a consumer reporting agency. Trans Union has not acted with malice, negligent, willful, or reckless intent to harm Plaintiff, nor with reckless or conscious disregard for the rights of Plaintiff, and Trans Union has fully complied with the FCRA. Trans Union will also show that any alleged damage suffered by Plaintiff was not caused by Trans Union.

In addition, at this time Trans Union does not have knowledge or possession of facts or documents controlled by the Plaintiff, and any underlying creditor(s). Therefore, this statement is based on the facts known by Trans Union at this time. Trans Union makes this statement without waiving any defense and reserves the right to supplement this statement as the facts are developed.

2.   **JURISDICTION**.  State the basis on which the jurisdiction of the Court is invoked and any presently known objections.

The jurisdiction of this Court is established pursuant to 15 U.S.C §1681p and 28 U.S.C.§1367.

3.   **STIPULATED FACTS**.  List stipulations as to all facts that are not disputed, including jurisdictional facts.

The following facts are stipulated:

a.   At all times material hereto, Trans Union was a "consumer reporting agency" as said term is defined under 15 U.S.C. §1681(f).

Defendant Trans Union: Defendant Trans Union LLC, a Delaware Limited Liability Company, is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f), and is a foreign corporation authorized to do business in the State of

Oklahoma.

4.  **CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT**.

Plaintiff Zavon Griffin: Plaintiff contends that TransUnion violated the Fair Credit Reporting Act, 15 U.S.C § 1681g, by failing to provide a full and accurate consumer file disclosure. Plaintiff seeks statutory damages, actual damages, punitive damages, costs, and any other relief the Court deems appropriate.

Defendant Trans Union:  Upon information and belief, Trans Union has accurately reported Plaintiff's credit information, and at all relevant times, maintained and followed reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff's credit file.  Further, Trans Union properly investigated Plaintiff's dispute as required by the FCRA, updated the information as appropriate, and timely reported the investigations results to Plaintiff.  Trans Union will also show that any alleged damage suffered by Plaintiff was not caused by Trans Union. Trans Union has not acted with negligent or willful conduct and Trans Union has fully complied with the FCRA.

Trans Union accepted information regarding Plaintiff from reliable sources. Trans Union may reasonably rely upon the data furnisher, which is required to investigate a consumer dispute under 1681s-2(b) after receiving notice from a consumer reporting agency.  Even if Plaintiff had suffered any compensable damage, such damage was not caused by Trans Union.

5.  **APPLICABILITY OF FED. R. CIV. P. 5.1 AND COMPLIANCE**.
Do any of the claims or defenses draw into question the constitutionality of a federal or state statute where notice is required under 28 U.S.C. § 2403 or Fed. R. Civ. P. 5.1?
☐ Yes ■ No

6.  **MOTIONS PENDING AND/OR ANTICIPATED** (include date of filing, relief requested, and date responsive brief to be filed).    None

Plaintiff Zavon Griffin: Plaintiff anticipates filing a Motion to Amend Complaint to add additional claims based on TransUnion's failure to conduct a

reinvestigation of Plaintiff's dispute.

Defendant Trans Union: Defendant Trans Union anticipates potentially filing a Motion for Summary Judgment and Motions in Limine.

7.  **COMPLIANCE WITH RULE 26(a)(1)**.  Have the initial disclosures required by Fed. R. Civ. P. 26(a)(1) been made?   □ Yes    ■ No
If "no," by what date will they be made? Initial Disclosures will be made in accordance with Rule 26(f).

8.  **PLAN FOR DISCOVERY**.

   A.    The discovery planning conference (Fed. R. Civ. P. 26(f)) was held on April 16, 2025.

   B.    The parties anticipate that discovery should be completed within 10 months.

   C.    In the event ADR is ordered or agreed to, what is the minimum amount of time necessary to complete necessary discovery prior to the ADR session?  3 months.

   D.    Have the parties discussed issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced, pursuant to Fed. R. Civ. P. 26(f)(3)(C)?

      ■ Yes □ No

Defendant Trans Union LLC: The parties do not anticipate any ESI preservation issues.  The parties agree to preserve discoverable ESI, and based on the nature of this case, the parties believe that producing ESI in a reasonably usable format (i.e., hard copy or PDF) is appropriate and proportional to the needs of the case. Once the parties have the opportunity to review such documents, they may confer regarding any additional exchange or production that the parties believe is necessary.  The parties further agree that, should the need arise, they will work together in a good faith attempt to resolve any disagreement about ESI without the need for judicial intervention, to the extent practicable.

   E.    Have the parties discussed issues relating to claims of privilege or of

10032114.1                                                                              4

protection as trial-preparation material pursuant to Fed. R. Civ. P. 26(f)(3)(D)?

■ Yes □ No

To the extent the parties have made any agreements pursuant to Fed. R. Civ. P. 26(f)(3)(D) and Fed. R. Civ. P. 502(e) regarding a procedure to assert claims of privilege/protection after production and are requesting that the court include such agreement in an order, please set forth the agreement in detail below and submit a proposed order adopting the same.

None

F.      Identify any other discovery issues which should be addressed at the scheduling conference, including any subjects of discovery, limitations on discovery, protective orders needed, or other elements (Fed. R. Civ. P. 26(f)) which should be included in a particularized discovery plan.

<u>Plaintiff Zavon Griffin</u>: Plaintiff agrees that discovery requests may be served. via email

**<u>Defendant Trans Union LLC</u>:** Based on what is presently known, Defendant Trans Union anticipates conducting discovery on the following: the facts and circumstances surrounding the allegations in Plaintiff's Complaint, the accuracy of the account at issue, communications between Plaintiff, reinvestigations conducted by Plaintiff's creditors, communications between Plaintiff and his creditors, the facts and circumstances surrounding Plaintiff's alleged damages, Plaintiff's failure to mitigate his alleged damages, causation relating to Plaintiff's alleged damages, the facts and circumstances surrounding Plaintiff's alleged adverse credit action, Plaintiff's credit history and usage, the facts and circumstances surrounding any third parties who have allegedly received or reviewed Plaintiff's consumer report; and any other issues raised by the pleadings or discovery.

The parties are not seeking documents or information protected by privilege or otherwise exempted from discovery under the Federal Rules of Civil Procedure or other laws.

The parties agree that following service of any interrogatory response or

document production from which some or all information or documents are withheld on the basis of privilege, the parties will confer on the scope of the interrogatories and/or requests for production, the need to limit the scope of same, and any need for privilege logs.

The parties agree that there may be a need for discovery in this case to be governed by a protective order.  If the parties agree concerning the need for and scope and form of such a protective order, their counsel will confer and then submit a jointly proposed protective order to the Court at such time.  If the parties disagree concerning the need for, and/or the scope or form of a protective order, the party or parties seeking such an order shall file an appropriate motion and supporting memorandum.

The parties agree that pursuant to Rule 5(b)(2)(E) and 6(d) of the Federal Rules of Civil Procedure any pleadings or other papers may be served by sending such documents by email to the primary and/or secondary email addresses listed below (or any updated email address provided to all counsel of record).  The parties also agree, upon request, to promptly (no later than the second business day after the day of service) provide the sending party with confirmation of receipt of the service by email.  The format to be used for attachments to any email message shall be Microsoft Word (.doc) or Adobe Acrobat (.pdf).  If an error or delayed delivery message is received by the sending party, that party shall promptly (within one business day of receipt of such message) notify the intended recipient of the message and serve the pleading or other papers by other authorized means.

Trans Union proposes that each party be limited to serving 50 Requests for Admissions and 50 Requests for Production of Documents on any other party.

9.    **ESTIMATED TRIAL TIME**:  3 days

10.    **BIFURCATION REQUESTED**:    □ Yes ■ No

11.    **POSSIBILITY OF SETTLEMENT**:    ■ Good    □ Fair    □ Poor

12.    **SETTLEMENT AND ADR PROCEDURES**:

A.    Compliance with LCvR 16.1(a)(1) - ADR discussion: ■ Yes  □ No

10032114.1                                                                                          6

B.    The parties request that this case be referred to the following ADR process:

☐ Court-Ordered Mediation subject to LCvR 16.3
☐ Judicial Settlement Conference
☐ Other    _____
■ None - the parties do not request ADR at this time.

13.    <u>Parties consent to trial by Magistrate Judge?</u>  ☐ Yes    ■ No

14.    <u>Type of Scheduling Order Requested.</u>  ■ Standard ☐ Specialized (If a specialized scheduling order is requested, counsel should include a statement of reasons and proposal.)

Submitted this 27th day of April 2025.

*/s/ Zavon Griffin (w/permission)*
Zavon Griffin
3913 Chetwood Drive
Del City, OK 73115
***Pro Se Plaintiff***


*/s/ Amanda Loughmiller*     _____
AMANDA LOUGHMILLER (OBA# 35383)
Aloughmiller@qslwm.com
QUILLING SELANDER LOWNDS WINSLETT & MOSER
5801 Tennyson Parkway, Suite 440
Plano, TX 75024
Telephone: (214) 560-5455
Facsimile: (214) 871- 2111
***Counsel for Trans Union, LLC***