## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

FILED

JUN 0 4 2026

JOAN KANE, CLERK
U.S.:DIST. COURT, WESTERN DIST. OKLA.
BY_____, DEPUTY

| | | |
|---|---|---|
| ZAVON GRIFFIN, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) CASE NO. 5:26-CV-00429HE | |
| TRANSUNION LLC, | ) | |
| Defendant. | ) | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

### I. INTRODUCTION

This is an action for actual and statutory damages brought by Plaintiff Zavon Griffin ("Mr. Griffin" or "Plaintiff"), an individual consumer, against Defendant TransUnion LLC (hereinafter 'Trans Union' or 'Defendant') for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (hereinafter 'FCRA'), specifically 15 U.S.C. § 1681g (failure to provide complete file disclosure) and 15 U.S.C. § 1681i (failure to conduct reasonable reinvestigation of disputed information).

1

## II. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p, as this case arises under the FCRA.

2. Venue is proper in the United States District Court for the Western District of Oklahoma under 28 U.S.C. § 1391(b), because Plaintiff is a resident of the State of Oklahoma.

3. Defendant regularly conducts and transacts business within the State of Oklahoma, and a substantial part of the events or omissions giving rise to these claims occurred in this District including the furnishing and reporting of Plaintiff's consumer credit information.

## III. PARTIES

4. Plaintiff Zavon Griffin is a natural person residing in Oklahoma.

5. Plaintiff Zavon Griffin is a consumer as defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681a(c).

6. Upon information and belief, Trans Union LLC is a Delaware limited liability company duly authorized and qualified to do business in the State of Oklahoma.

7. Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f), and it disburses consumer reports to third parties for monetary compensation.

## IV. FACTS OF THE COMPLAINT

8. On or about January 16, 2026, Mr. Griffin obtained a copy of his consumer credit disclosure from Trans Union LLC. Mr. Griffin obtained this disclosure through www.annualcreditreport.com. Trans Union assigned Mr. Griffin's the file number

2

436813719. This consumer report, however, does not constitute the complete file disclosure to which Mr. Griffin is entitled under 15 U.S.C. § 1681g(a), which requires, upon request, Trans Union to clearly and accurately disclose all information in a consumer's file, including information beyond what is presented in a standard consumer report.

9. Despite this statutory requirement, Trans Union's disclosure failed to include a substantial amount of information actually present in Mr. Griffin's credit file, and further contained inaccurate and incomplete information with respect to accounts appearing therein.

10. On or about February 11, 2026, Mr. Griffin submitted a detailed written correspondence to Trans Union (Trans Union Consumer Relations, P.O. Box 2000, Chester, PA 19016-2000, via USPS Certified Mail, Tracking No. 9214 8901 4298 0445 9525 21), identifying numerous instances of incomplete information, inaccuracies, and omissions associated with several accounts and requesting appropriate corrections. Mr. Griffin enclosed with his letter a copy of his government-issued photo identification (driver's license), proof of address, and Social Security card to confirm his identity. Trans Union received this correspondence on or about February 18, 2026.

11. Mr. Griffin's letter plainly identified and described the disputed items of information and the specific errors and omissions associated with each.

12. The nature of the errors and omissions was expressly stated in the dispute, enabling Trans Union to understand precisely what required correction.

13. On or about February 20, 2026, Trans Union issued a response bearing Reference No. PN56RO00105595, refusing to process Mr. Griffin's request in its entirety, claiming the request did not appear to come from Mr. Griffin directly. This refusal was made despite

3

the fact that Mr. Griffin submitted the correspondence personally, enclosed proof of his identity, and mailed it directly to Trans Union's designated consumer relations address. Trans Union provided no reinvestigation of any of the disputed information.

14. Trans Union's refusal to process the correspondence constituted a failure to provide the complete file disclosure required under 15 U.S.C. § 1681g and a failure to conduct any reinvestigation of the disputed information as required under 15 U.S.C. § 1681i.

15. Under 15 U.S.C. § 1681i(a)(1)(A), a consumer triggers a consumer reporting agency's obligation to conduct a reasonable reinvestigation by satisfying only three requirements: (1) disputing the completeness or accuracy of (2) any item of information contained in his consumer file, and (3) submitting that dispute directly to the consumer reporting agency. The statute imposes no additional requirements on the consumer beyond these three.

16. Mr. Griffin satisfied all three requirements. His February 11, 2026 letter expressly disputed the completeness and accuracy of specific items of information contained in his Trans Union consumer file and was submitted directly to Trans Union via USPS Certified Mail to Trans Union's designated consumer relations address, accompanied by government-issued photo identification, proof of address, and Social Security documentation confirming his identity. Trans Union therefore had no lawful basis to refuse to process the dispute.

17. Trans Union cannot insulate itself from § 1681i liability by unilaterally refusing to acknowledge a validly submitted dispute. Its wholesale refusal to act did not extinguish its statutory reinvestigation obligations under the FCRA. To hold otherwise would allow consumer reporting agencies to avoid their duties entirely by simply declining to process disputes, a result plainly contrary to the purpose and intent of the FCRA.

4

18. The errors and omissions identified in Mr. Griffin's dispute were numerous and included, but were not limited to, the following:

    a. <u>Capital One — Account No. 517805752881****</u>

- The payment history is missing for March 2021.

- The report reflects only an estimated removal date of January 2031, rather than an exact date, preventing Plaintiff from determining with certainty when this item will be removed from his credit file.

- The High Balance and Credit Limit history both reflect data from August 2025 through December 2025, despite the account being reported as closed on August 10, 2023 and charged off — creating an internal contradiction in which a credit limit is reported during a period the account was simultaneously closed and charged off.

- The Payment History section omits data in the Balance, Past Due, Amount Paid, Scheduled Payment, and/or Remarks categories for the following periods:
  - April 2021 through July 2025

    b. <u>EdFinancial Services — Account No. 13457603861E00120190911 23****</u>

- The payment history is missing for September 2019.

- The Payment History omits data in the Balance, Past Due, Amount Paid, Scheduled Payment, and Remarks categories for the following periods:
  - October 2019 through June 2025
  - August 2025

19. Rather than comply with the FCRA, Trans Union knowingly and intentionally failed to disclose all of the information in Mr. Griffin's credit file. These omissions appear to have been driven by a desire to reduce operating costs and increase profitability.

20. Accordingly, Trans Union's violations of the FCRA were willful.

21. Mr. Griffin is entitled to receive a complete, accurate, and transparent disclosure of his credit file from Trans Union upon demand, at least once a year and without charge, and that disclosure must be presented clearly and accurately. See 15 U.S.C. § 1681j(a)(1)(A).

22. By failing to meet this requirement, Trans Union deprived Mr. Griffin of a right expressly granted by federal law.

23. These violations were willful, not negligent, and were carried out through systemic procedures that prioritized internal efficiency over the accuracy and completeness of consumer disclosures. Trans Union's practices suggest an institutional disregard for its statutory obligations under the FCRA.

24. Upon information and belief, the data furnishers referenced above reported the full account information, payment history, and all associated data belonging to their respective accounts to Trans Union.

25. This information was contained within Trans Union's files regarding Plaintiff at the time of his request.

26. When Trans Union produces and sells reports regarding Plaintiff to third parties, the full account information and payment history are included in those reports.

27. Trans Union thereby demonstrates its ability to comply with 15 U.S.C. § 1681g(a) when reporting information to third parties accurately and completely.

28. Trans Union breached its duty to Plaintiff by failing to disclose all of the information regarding Plaintiff's accounts, including complete payment histories and account data, which is necessary for a consumer to research and evaluate the information contained in his file.

29. Without access to this information, a consumer is left either attempting to piece together incomplete data or blindly guessing whether his report is accurate.

30. The failure of an entity to provide accurate and truthful information as required by law creates an injury-in-fact, thus creating standing pursuant to Article III. See, e.g., Havens Realty Corp. v. Coleman, 455 U.S. 363 (1982).

31. The lack of accurate and complete information caused Plaintiff significant frustration and emotional distress as he attempted to understand his credit report and reconcile it with his own records.

## V. FIRST CLAIM FOR RELIEF 15 U.S.C. § 1681g

32. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

33. Trans Union violated the FCRA.

34. Trans Union violated 15 U.S.C. § 1681g by failing to clearly and accurately disclose all of the information in Plaintiff's consumer file at the time of his request, including but not limited to complete payment histories, account data, and all information contained within Plaintiff's file, as required by law.

35. Trans Union's conduct in violating the FCRA was willful, rendering it liable to Plaintiff for actual damages, statutory damages, punitive damages, costs, and attorney's fees in an amount to be determined pursuant to 15 U.S.C. § 1681n.

7

36. In the alternative, Trans Union was negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

## VI. SECOND CLAIM FOR RELIEF 15 U.S.C. § 1681i

37. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

38. Trans Union violated multiple provisions of § 1681i, including but not limited to: (1) failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and record the current status of the disputed information or delete the item from Plaintiff's credit file in violation of § 1681i(a)(1); (2) failing to provide prompt notification of Plaintiff's dispute to the furnishers of the disputed information within the required 5-business-day period in violation of § 1681i(a)(2)(A); (3) failing to notify Plaintiff of any determination that his dispute was frivolous or irrelevant, and failing to provide the reasons for such determination or identify any additional information required to investigate the dispute, in violation of § 1681i(a)(3)(B) and (C); and (4) failing to review and consider all relevant information submitted by Plaintiff in violation of § 1681i(a)(4).

39. As a result of Trans Union's conduct, Plaintiff suffered concrete and particularized harm, including, without limitation: damage to reputation, embarrassment, humiliation, anxiety and other emotional distress.

40. Trans Union's conduct in violating § 1681i was willful, rendering it liable to Plaintiff for actual damages, statutory damages, punitive damages, costs, and attorney's fees in an amount to be determined pursuant to 15 U.S.C. § 1681n.

41. In the alternative, Trans Union was negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

## JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff Zavon Griffin respectfully requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant Trans Union LLC for the following:

a. Judgment that Defendant violated the FCRA;

b. Actual or statutory damages pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o;

c. Punitive and/or statutory damages pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o;

d. Attorney's Fees, Costs, and Expenses incurred in this action pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o;

e. For such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

*/s/ Zavon Griffin*

Zavon Griffin
3913 Chetwood Drive
Del City, OK 73115
Phone: (580) 951-8084
Email: griffinzavon@outlook.com
***Pro Se Plaintiff***

9

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of June, 2026, a true and correct copy of the foregoing Plaintiff's First Amended Complaint was served upon Defendant's counsel of record via electronic mail at:


**Amanda Loughmiller**

Quilling Selander Lownds Winslett & Moser, P.C.

5801 Tennyson Parkway, Suite 440

Plano, Texas 75024

aloughmiller@qslwm.com


*/s/ Zavon Griffin*

Zavon Griffin

*Pro Se Plaintiff*

10