THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

FILED

NOV 06 2026

JOAN KANE, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY ____, DEPUTY

**ZAVON GRIFFIN,**
**Plaintiff,**
**v.**
**TRANSUNION LLC,**
**Defendant.**

**CASE NO. 5:26-cv-00429-HE**

# PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL DISCOVERY RESPONSES

**COMES NOW** Plaintiff, Zavon Griffin, appearing *pro se*, respectfully requests that this Court to deny Defendant TransUnion LLC's ("TransUnion" or "Defendant") Motion to Compel Discovery Responses [Doc. #26]. Plaintiff requests that the Court to deny this motion in its entirety and reject Defendant's requests for attorney fees or costs. In support of this Response, Plaintiff states as follows:

## INTRODUCTION & STATEMENT OF OPERATIVE ISSUES

1. On March 06, 2026, Plaintiff initiated this action against Trans Union alleging a clear violation of the Fair Credit Report Act (FCRA) under 15 U.S.C. § 1681g(a)(1). As set forth in Plaintiff's Second Amended Complaint [Doc. #21], the core issue in this action is that TransUnion failed to clearly and accurately disclose all information contained within Plaintiff's credit file at the time of his request. Specifically, TransUnion's file disclosure omitted material information, including missing payment history data and

internally inconsistent account information, and further failed to clearly and accurately disclose complete account numbers.

2. Instead of focusing discovery on the proprietary database practices, systems, and procedures that caused these explicit disclosure omissions, Defendant is attempting to conduct an overbroad fishing expedition into unrelated areas of Plaintiff's life. Defendant's motion seeks to compel years of private third-party banking records, confidential settlement agreements from separate actions involving entirely different consumer reporting agencies, and third-party credit-repair materials.

3. Because this is a strict statutory disclosure claim arising under 15 U.S.C. § 1681g(a)(1), the sole legal question is whether TransUnion clearly and accurately disclosed what was inside its own database and/or systems when Plaintiff requested his file. What third-party banks accounts or outside entities may show cannot alter, satisfy, or excuse TransUnion's independent statutory disclosure procedures. Furthermore, many of the broad discovery requests served by Defendant demand documents that do not physically exist in Plaintiff's possession, custody, or control.

## FACTUAL TIMELINE AND GOOD FAITH COOPERATION

4. Plaintiff objects to Defendant's claim of a "five-month delay" or evasive discovery actions. The record demonstrates that Plaintiff has participated in discovery diligently and responded to defense communications in good faith. Any scheduling conflicts or delays were mutually driven by counsel's conflicting schedules, work-related travel, and personal commitments.

5. On November 2, 2026, this Court entered a Revised Scheduling Order [Doc. #30] extending all discovery through January 1, 2027. Because the discovery window

remains open, there is no emergency timeline crisis or imminent trial prejudice to Defendant. Defendant's motion is premature.

6. To show continued good faith and narrow the issues before this Court, Plaintiff has served formal Supplementary Discovery Responses directly to Defendant's counsel. These supplemental responses clarify factual statements under oath based upon Plaintiff's deposition testimony, confirmation the physical non-existence of several categories of requested records. Most of the Defendant's Motion to Compel is now entirely moot.

## WHY DEFENDANT'S REQUESTS SHOULD BE DENIED

### A. Plaintiff's own records for the Capital One and EdFinancial accounts (RFP No. 6, 8, 11, 13)

7. Defendant's motion incorrectly asserts that Plaintiff has physical possession of multi-year accounts histories. Plaintiff clarified the limits of his records under oath, stating that in hand, he likely does not have copies going back to past years. So that is something that would have to be online. Furthermore, Plaintiff testified that his interaction with these third parties was limited to logging on to make individual payments directly through their online portals.

8. While Plaintiff estimated during a repetitive line of questioning that he spent between one and ten total hours attempting to understand why TransUnion provided an incomplete file disclosure, looking at active online portals does not mean Plaintiff has custody or control of files or documents in his possession. Under Federal Rule of Civil Procedure 34, a party cannot be compelled to produce documents that do not exist in their physical custody. Rule 34 does not require a consumer to log into external

corporate servers to download or create past accounts records for the defense's convenience.

9. Furthermore, third-party transactional records are entirely irrelevant to a 15 U.S.C. § 1681g(a)(1) claim. Whether Capital One or EdFinancial maintains records showing a specific amount of history has zero bearing on what information was sitting inside TransUnion's internal files on the date Plaintiff requested his disclosure. If Defendant believed third-party account records were vital to its defenses, its proper procedural remedy was to issue a third-party subpoena directly to those institutions under Rule 45. Defendant cannot use a Motion to Compel to force Plaintiff to execute its own third-party discovery work.

**B. Plaintiff's disputes, communications, and consumer file involving other creditors and consumer reporting agencies (RFP No. 10, 22, and 23)**

10. Plaintiff clarifies the record to demonstrate his good faith in discovery. Plaintiff has already produced all relevant documents in his possession, custody, or control, including: (1) his formal credit dispute letters sent directly to TransUnion; (2) his Consumer Financial Protection Bureau (CFPB) complaints filed against TransUnion and (3) the complete, unredacted file disclosure requested by Defendant's counsel during Plaintiff's deposition.

11. Defendant's Motion to Compel on pages 8 and 9 lists three reasons why they believe these outside files are relevant. Their primary argument is that looking at disclosures from other consumer reporting agencies will show what data existed for these accounts and let them compare the records. This argument conflates the law. A comparison of data across different agencies is the standard for a § 1681e(b) accuracy claim or a §

1681i reinvestigation claim—but it has absolutely no relevance to a strict § 1681g(a)(1) file disclosure claim. The sole legal question under § 1681g is whether TransUnion cleanly printed out exactly what sat inside its own database on the day Plaintiff requested his file. What Experian or Equifax or any other agency chose to display within their separate file disclosures cannot alter, satisfy, or excuse TransUnion's individual omissions. TransUnion cannot check its own database compliance by looking at a competitor's homework.

12. Defendant's remaining reasons regarding emotional distress and credibility are equally unavailing. Plaintiff's baseline distress stems from his personal confusion and the time wasted trying to interpret TransUnion's unclear and incomplete disclosure. Demanding five years of all communications with every credit bureau or consumer reporting agency is an entirely overbroad, disproportionate, and harassing response to a single-count disclosure case. Because Plaintiff has already voluntarily provided the core case-specific dispute letters, CFPB complaints, and the non-redacted file disclosure in his possession with TransUnion, Defendant's demand for broader, third-party credit histories should be denied.

**C. Settlement agreements and prior litigation materials (RFP No. 28, and 30)**

13. Defendant seeks the production of confidential settlement agreements, pleadings and past discovery responses from Plaintiff's separate cases against Experian and Innovis. Plaintiff clarifies the record: Plaintiff has never been deposed prior to this case and has never filed discovery responses in any other action. No such past litigation records exist for Plaintiff to produce.

14. To the extent Plaintiff possesses copies of separate, confidential settlement agreements with other agencies, those records are completely irrelevant and fail to satisfy Rule 26(b)(1). A consumer reporting agency's statutory obligation to clearly and accurately disclose a consumer's file under 15 U.S.C § 1681g(a)(1) is absolute, distinct, and completely independent of any other agency. What separate corporations agreed to settle regarding distinct data display issues within their unique software systems has no bearing on TransUnion's independent layout and truncation errors.

15. Under Federal Rule of Evidence 408, confidential settlement agreements are strictly inadmissible to prove or disprove liability. Defendant has no legal right to a "set-off" or reduction of its liability based on separate injuries by distinct companies. Demanding such information is an improper attempt to bypass standard confidentiality boundaries.

**D. Credit-repair materials (RFP No. 38)**

16. Defendant seeks to compel the production of "credit repair manuals, checklists, outlines, and brochures," attempting to connect this request to Vance Dotson (Mr. Dotson), who was mentioned during Plaintiff's deposition. However, Defendant's original discovery was served before this name was ever mentioned under oath. Defendant's request was an overbroad fishing expedition from the very start.

17. Plaintiff clarifies the record to match his testimony, explaining the nature of his standard consumer research. Plaintiff testified to knowing Mr. Dotson from the internet and clarified that he does not know the specific facts or alleged harm in this action and

that Plaintiff has never shared any of TransUnion's internal discovery documents with him. While Plaintiff testified that he spoke to Mr. Dotson about the discovery requests sent to Trans Union, this interaction occurred because Plaintiff jumped onto a public Instagram Live broadcast where credit information was already being generally discussed. Plaintiff participated in that open discussion to seek an understanding of general credit and discovery concepts. Plaintiff has not received any templates, manuals, or checklists, from Mr. Dotson. Furthermore, Plaintiff testified that he drafted his complaint and discovery requests independently, only using the assistance of AI to help structure documents and help understand legal terms.

## AN AWARD OF FEES AND EXPENSES IS UNFAIR AND IMPROPER

18. Under Federal Rule of Civil Procedure 37(a)(5)(A)(ii), a court must not order the payment of discovery expenses if the responding party's response was substantially justified or if the other circumstances make an award of expenses unjust.

19. Plaintiff has acted with diligence, transparency and good faith. Plaintiff has formally served detailed supplemental responses to defense counsel clarifying the exact scope of available physical documents. Given Plaintiff's *pro se* consumer status, his active and timely participation in discovery, and the open discovery track under the Court's active scheduling order, an award of out-of-pocket attorney's fees or expenses to a major corporate defendant would be highly unfair and improper.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Honorable Court to deny Defendant TransUnion's Motion to Compel Discovery Responses [Doc. #26] in its entirety as moot, overbroad, and irrelevant, and deny all requests for attorney fees, costs, or expenses.

Zavon Griffin 11/06/26

Respectfully submitted:

Zavon Griffin

3913 Chetwood Drive

Del City, OK 73115

(580) 951-8084

griffinzavon@outlook.com

## CERTIFICATE OF SERVICE

I hereby certify that on Wednesday, November 06, 2026, a true and correct copy of the above and foregoing document has been served to the following party:

Amanda Loughmiller

5801 Tennyson Parkway, Suite 400

Plano, TX 75024

aloughmiller@qslwm.com

/s/ Zavon Griffin
Zavon Griffin